THISSEN, Justice (concurring).
CONCURRENCE
I concur in the result reached by the majority. Smithfield Foods (Smithfield) has not established a legal basis to offset workers' compensation benefits owed to its injured employee, Claude Bruton, by the amount of the short-term disability (STD) benefits it paid to Bruton.
Broad language in the majority opinion, however, suggests that a person may offset workers' compensation payments *667 against specific types of disability benefits only if those benefits fall into a category of benefits expressly identified in the workers' compensation statute. I write separately to emphasize that our decision today need not and does not foreclose an employer from seeking in a workers' compensation proceeding reimbursement for STD benefits paid to an employee under a contract or STD policy that requires such reimbursement if the employee later recovers wage replacement workers' compensation benefits for the injury that caused the disability.
Minnesota Statutes § 176.361 allows a person to intervene in a workers' compensation proceeding if the person "has an interest" in a workers' compensation matter "such that the person may either gain or lose by a [workers' compensation] order or decision." Minn. Stat. § 176.361, subd. 1 (2018). An employer that has paid STD benefits to an employee to cover lost wages during an out-of-work period due to an injury certainly stands to benefit if those STD benefits are repaid, for instance, under a contractual provision that states that such STD benefits must be repaid by the employee if that employee later recovers workers' compensation benefits. Indeed, the statutory requirements for intervention include "an itemization of disability payments showing the period during which the payments were or are being made; the weekly or monthly rate of the payments; and the amount of reimbursement claimed" and "a copy of the relevant policy or contract provisions upon which the claim for reimbursement is based." Minn. Stat. § 176.361, subd. 2(b)(1), (5) ; see, e.g. , Haeg v. Seko Worldwide , No. WC06-227, 67 Minn. Worker's Comp. Dec. 192, 197 (WCCA 2007) (recognizing a possibility that employer may seek reimbursement of wages paid to an injured worker if authorized by a policy of insurance or contract between the employer and employee), aff'd without opinion , 732 N.W.2d 200 (Minn. 2007) (order).
We need not reach the issue of whether an employer may assert a contractual offset claim based on short-term disability benefits paid to an employee in this case. Smithfield's STD Policy for employees like Bruton does not allow Smithfield to claw back STD benefits paid under the policy if workers' compensation benefits are paid. Paragraph 6 of the STD Policy limits Smithfield's contractual offset rights to government social insurance disability payments:
The Company will coordinate (offset) all STD benefit compensation available to an employee with State Disability, Social Security payments or similar programs to the extent such compensation is available, in whole or in part, due to the employee's Disability. Employees are required to apply for these benefits.
During argument, Smithfield conceded as much. Accordingly, because Smithfield has no contractual right to reimbursement out of workers' compensation benefits for short-term disability benefits previously paid to Bruton under the STD policy, the Smithfield claim for offset fails.